**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff - Appellee*,

v.

DZUNG AHN PHAM,

*Defendant - Appellant*.

No. 23-1175

D.C. No.
8:19-cr-00010-
JLS-1

OPINION

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted September 12, 2024
Pasadena, California

Filed November 5, 2024

Before: Mary M. Schroeder, Ryan D. Nelson, and Eric D.
Miller, Circuit Judges.

Opinion by Judge Schroeder

## SUMMARY[*]

## Criminal Law

The panel affirmed the district court's denial of Dzung Ahn Pham's motion to withdraw his guilty plea to conspiracy to distribute controlled substances in violation of the Controlled Substances Act (CSA).

Pham, formerly a licensed physician, admitted in his plea agreement to conspiring with a pharmacist to prescribe and distribute over 150,000 narcotic pills, and to issuing the prescriptions knowing he was doing so "outside the usual course of professional medical practice and without a legitimate medical purpose." This admission echoes the applicable regulation, 21 C.F.R. § 1306.04(a), that renders such prescriptions ineffective.

Pham sought to withdraw his plea on the ground that it was not knowing and voluntary, citing *Ruan v. United States*, 597 U.S. 450 (2022), which the Supreme Court decided a few months before he entered his plea. He contends that he was not adequately apprised that *Ruan* requires the government to prove that he knew he was not "authorized" under the CSA to issue the prescriptions, citing the failure of the plea agreement and colloquy to expressly use the word "unauthorized" or the phrase "not authorized." Pham maintains that he believed he was authorized to write the prescriptions, and his admission failed to establish he intended to violate the statute, or knew he was doing so.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel rejected this argument. Phan's admissions to knowingly and intentionally committing acts that were not authorized by the CSA—*i.e.*, to knowingly issuing prescriptions outside the usual course of professional medical practice and without a legitimate medical purpose— supplied the requisite proof that he knowingly and intentionally acted in unauthorized manner. Pham therefore failed to show that his guilty plea was unknowing or involuntary, and the district court did not err in denying his motion to withdraw the plea.

## COUNSEL

Beau B. Brindley (argued), Law Offices of Beau B. Brindley, Chicago, Illinois, for Defendant-Appellant.

Brett A. Sagel (argued), Assistant United States Attorney, Chief, Corporate and Securities, Fraud Strike Force; Gregory W. Staples, Assistant United States Attorney; Bram M. Alden, Assistant United States Attorney, Chief, Criminal Appeals Section; E. Martin Estrada, United States Attorney; United States Department of Justice, Office of the United States Attorney, Santa Ana, California; David R. Friedman, Assistant United States Attorney, United States Department of Justice, Office of the United States Attorney, Los Angeles, California; for Plaintiff-Appellee.

## OPINION

SCHROEDER, Circuit Judge:

Dzung Ahn Pham, formerly a licensed physician, seeks to withdraw his guilty plea to conspiracy to distribute controlled substances in violation of the Controlled Substances Act (CSA), 21 U.S.C. § 846.  The Act criminalizes the distribution of narcotics "[e]xcept as authorized."  21 U.S.C. § 841(a).  It does not describe when distribution is "authorized," but the applicable regulation provides that, "to be effective," a prescription "must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice."  21 C.F.R. § 1306.04(a).

In his plea agreement, Pham admitted to conspiring with a pharmacist to prescribe and distribute over 150,000 narcotic pills during a nearly six-year period, and to issuing the prescriptions knowing he was doing so "outside the usual course of professional medical practice and without a legitimate medical purpose."  The admission echoes the applicable regulation that renders such prescriptions ineffective.  *See* 21 C.F.R. § 1306.04(a).

Pham nevertheless seeks to withdraw his plea on the ground that it was not knowing and voluntary, citing *Ruan v. United States*, 597 U.S. 450 (2022), which the Supreme Court decided a few months before he entered his plea. Pham contends that he was not adequately apprised that *Ruan* requires the government to prove that he knew he was not "authorized" under the CSA to issue the prescriptions. He hangs his hat on the failure of the plea agreement and colloquy to expressly use the word "unauthorized" or the phrase "not authorized."  He maintains that he believed he

was authorized to write the prescriptions, and his admission failed to establish he intended to violate the statute, or knew he was doing so. Yet the agreement and colloquy clearly stated that Pham knowingly issued prescriptions outside the usual course of professional medical practice and without a legitimate medical purpose. The district court denied the motion to withdraw the plea, holding that the indictment, plea agreement, and colloquy all incorporated the elements of the offense, including the standard of guilty knowledge, or mens rea, required for conviction. We affirm.

## BACKGROUND

Dzung Ahn Pham was a physician, and his co-defendant was a pharmacist. Both were licensed to practice in California. Pham was charged with multiple substantive counts of distribution of controlled substances, and one count of conspiring with the pharmacist to "knowingly and intentionally" distribute various narcotics, including opiates and amphetamines, to various patients in return for payments. The First Superseding Indictment charged Pham with taking these actions with intent "to act outside the usual course of professional practice and without a legitimate medical purpose" in violation of § 841(a). In September 2022, Pham entered into a written agreement to plead guilty only to the conspiracy count, and his counsel certified to having "discussed every part of this agreement" with Pham. The factual basis of the agreement repeatedly stated that Pham conspired with the intent to distribute the drugs, knowing the prescriptions were issued "outside the usual course of professional practice and without a legitimate medical purpose."

The plea colloquy took place on October 22, 2022. There, Pham confirmed that he had reviewed both the

indictment and the plea agreement with his attorney, that they had discussed the elements of the charge, and that Pham understood the agreement and the elements.    The government read the factual basis from the plea agreement into the record, including Pham's admission that he prescribed controlled substances with intent to act outside the usual course of professional practice and without a legitimate medical purpose.    The court asked Pham if everything the government had said was correct, including the statements about Pham's "knowledge" and "intent." Pham responded in the affirmative, acknowledging that he was pleading guilty because he did the acts charged in the indictment and was in fact guilty.

Shortly before the scheduled sentencing hearing, however, Pham, represented by new counsel, filed a motion to withdraw his guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B).  That rule permits withdrawal upon a showing of a "fair and just reason."  Pham invoked the Supreme Court's decision in *Ruan v. United States* to argue he was not informed that the "government would have to prove [he] subjectively knew or intended that [he] was not authorized . . . to issue the prescriptions."  He admitted he "knew [the] prescriptions were outside the scope of general practice and for purposes other doctors might not deem legitimate," but swore he "never believed that [he] lacked the authority to write them."  The district court denied the motion to withdraw, holding that the intent requirement charged in the indictment and admitted in the plea agreement and the colloquy was consistent with *Ruan*.  The court eventually sentenced Pham on the conspiracy charge to 151 months, and he now appeals the denial of his motion to withdraw.

## ANALYSIS

We deal first with the government's threshold position that Pham's appeal must be dismissed because the plea agreement contained a waiver of Pham's right to appeal. That waiver, however, contained an exception for an appeal "based on a claim that defendant's guilty plea was involuntary." In this appeal, Pham presents a claim that his plea was involuntary because he was inadequately informed of what the government had to prove. Regardless of the merits of that claim, it has not been waived, and we have appellate jurisdiction to consider it.

Pham's claim boils down to his contention that he believed he was "authorized" to write the prescriptions, and that if he had been advised that the government had to prove that he knew he was unauthorized to write them, he would not have entered the plea. The argument hinges on the Supreme Court's opinion in *Ruan*, which was, contrary to Pham's suggestion in his briefs, decided several months before, not after, he entered his plea. In *Ruan*, the Supreme Court held that the government must prove not only that a defendant issued prescriptions that were not in fact authorized under the CSA but also that the defendant wrote the prescriptions with the knowledge or intent that he was doing so without authorization. 597 U.S. at 454–55. And in so holding, the Court recognized that while § 841 itself does not in so many words define what prescriptions are "authorized," the applicable regulation does. The Court described the legal framework as follows:

> A provision of the Controlled Substances Act, codified at 21 U.S.C. § 841, makes it a federal crime, "*[e]xcept as authorized*[,] . . . for any person knowingly or intentionally . . .

> to manufacture, distribute, or dispense . . . a
> controlled substance," such as opioids.  84
> Stat. 1260, 21 U.S.C. § 841(a) (emphasis
> added).  Registered doctors may prescribe
> these substances to their patients.  But, as
> provided by regulation, a prescription is only
> authorized when a doctor issues it "for a
> legitimate medical purpose . . . acting in the
> usual course of his professional practice."  21
> C.F.R. § 1306.04(a) (2021).

*Id.* at 454.

The Court then framed the issue: "The question before us concerns the state of mind that the Government must prove to convict [practitioners] of violating the statute."  *Id.* The Court provided a succinct answer:

> We hold that the statute's "knowingly or
> intentionally" *mens     rea* applies      to
> authorization.  After a defendant produces
> evidence that he or she was authorized to
> dispense   controlled   substances,   the
> Government must prove beyond a reasonable
> doubt that the defendant knew that he or she
> was acting in an unauthorized manner, or
> intended to do so.

*Id.*

In *Ruan*, the jury had been instructed that a doctor acts lawfully when "he prescribes in good faith . . . in accordance with the [generally accepted] standard of medical practice" but violates § 841 by prescribing without "a legitimate medical purpose" or "outside the usual course of . . .

practice." *Id.* at 455–56 (internal quotation omitted). The jury was not instructed that the doctor had to do so knowingly or intentionally. The Tenth Circuit had affirmed the conviction, but the Supreme Court vacated its decision, holding that the government had to prove not only that the conduct was unauthorized, but also that the defendant knew or intended it to be unauthorized. *See id.* at 468.

In this case, we are not dealing with jury instructions but with a defendant's plea agreement and colloquy with a district judge. In both, Pham admitted to having the requisite knowledge of the elements that made his prescriptions not authorized: he knew the prescriptions were not for a legitimate medical purpose, and he knew he was not acting in the usual course of medical practice. As the Supreme Court explained in *Ruan*, "a prescription is only authorized when a doctor issues it 'for a legitimate medical purpose . . . acting in the usual course of his professional practice.'" *Id.* at 454 (quoting 21 C.F.R. § 1306.04(a) (2021)).

Since *Ruan* was decided, other circuits have applied it to require the government to prove knowledge or intent as to the elements of authorization that Pham admitted to having in this case. *See United States v. Hofschulz*, 105 F.4th 923, 929 (7th Cir. 2024) (upholding jury instructions because they "explained that the government needed to prove . . . that the defendants *intentionally* distributed drugs outside the usual course of medical practice and not for a legitimate medical purpose," and "*Ruan* requires nothing more"); *United States v. Titus*, 78 F.4th 595, 602 (3d Cir. 2023) (upholding as consistent with *Ruan* jury instructions that required showing a defendant "knowingly or intentionally distributed controlled substances outside the usual course of professional practice and not for a legitimate medical purpose" (internal quotation marks omitted)); *United States*

*v. Kim*, 71 F.4th 155, 164 (4th Cir. 2023) (holding that an indictment was "consistent with the requirements of *Ruan*" where it alleged that the defendant had conspired and issued prescriptions while "intending to act outside the usual course of professional practice and not for a legitimate medical purpose" (emphasis removed)); *United States v. Ajayi*, 64 F.4th 243, 247–48 (5th Cir. 2023) (upholding as consistent with *Ruan* jury instructions, for conspiracy to distribute controlled substances, that required proof that defendant knew of the conspiracy's unlawful purpose and "understood the illegitimate nature of his conduct," which the court understood to mean acting without a legitimate medical purpose); *United States v. Duldulao*, 87 F.4th 1239, 1251 (11th Cir. 2023) (explaining that *Ruan* "requires the government to prove that 'the defendant knowingly and intentionally acted in an unauthorized manner'—that the defendant knew he was acting outside the usual course of professional practice or intended to" (citation omitted)).  We do not read the Tenth Circuit's post-*Ruan* decision in *United States v. Kahn* to be in any way inconsistent with these decisions, or to suggest something more must be shown with respect to the lack of authorization.  *See* 58 F.4th 1308, 1316 & n.4 (10th Cir. 2023) (explaining that "*Ruan* holds that an unreasonable pharmacist may not be convicted if he did not intend to act in an unauthorized way.").  The Tenth Circuit simply held that the jury instructions were inconsistent with *Ruan* because they treated the two parts of authorization as separate grounds and permitted conviction for issuing prescriptions that were "objectively not in the usual course of professional practice."  *Id.*

In Pham's affidavit submitted in support of his motion to withdraw, Pham stressed that although he knew the prescriptions may have been illegitimate, he "never believed

that [he] lacked the authority to write them." The Court in *Ruan* anticipated that practitioner-defendants would rely on their licensed prescribing authority to rebut charges of unlawful distribution. The Court explained that its holding "means that once a defendant meets the burden of producing evidence that his or her conduct was 'authorized,' the Government must prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner." *Id*. (quoting 21 U.S.C. § 841(a)). Pham's admissions supplied such proof here.

In both the plea agreement and the colloquy, Pham admitted to knowingly and intentionally committing acts that were not authorized by the CSA. Pham has failed to show that his guilty plea was unknowing or involuntary. The district court did not err in denying his motion to withdraw the plea.

**AFFIRMED.**